Opinion filed November 15, 2018



## In The

# Eleventh Court of Appeals

_____

## No. 11-18-00099-CR

_____

## GEORGE ALCALA GONZALES, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 32nd District Court**

**Nolan County, Texas**

**Trial Court Cause No. 12300**

### M E M O R A N D U M   O P I N I O N

Based upon an open plea of guilty, the trial court convicted Appellant, George Alcala Gonzales, of the offense of tampering with or fabricating physical evidence. Appellant pleaded true to both enhancement allegations, and the trial court assessed his punishment at confinement for twenty-five years and a fine of $1,000. We modify and affirm.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously

examines the record and applicable law and concludes that the appeal is frivolous. Counsel has provided Appellant with a copy of the brief, the motion to withdraw, and the appellate record. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Appellant has not filed a response.[1] Counsel also advised Appellant of his right to file a petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 48.4, 68.

Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree with counsel that no arguable grounds for appeal exist.[2]

We note, however, that the judgment contains a nonreversible error. The record reflects that Appellant was convicted of a third-degree felony but was sentenced as a habitual offender under Section 12.42(d) of the Penal Code. *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2018), § 37.09(a)(1), (c) (West 2016). Section 12.42(d) does not authorize the imposition of a fine. *See id.* § 12.42(d); *Blevins v. State*, 74 S.W.3d 125, 132 (Tex. App.—Fort Worth 2002, pet. ref'd). Because the fine imposed by the trial court is not authorized by the applicable statute, we modify the trial court's judgment to delete the fine. *See Light v. State*, No. 05-99-01384-CR, 2000 WL 1176604, at *1 (Tex. App.—Dallas Aug. 21, 2000, no pet.)

---

[1]This court granted Appellant more than thirty days in which to exercise his right to file a response to counsel's brief.

[2]We note that Appellant has a right to file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

(not designated for publication) (*Anders* appeal in which appellate court modified trial court's judgment to delete an unauthorized fine).

We grant counsel's motion to withdraw, modify the judgment of the trial court to delete the $1,000 fine, and affirm the judgment as modified.

PER CURIAM

November 15, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Willson, J., and Wright, S.C.J.[3]

Willson, J., not participating.

---

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.